Pamela DELAUNE

v.

**Kenneth S. APFEL, Commissioner of Social Security.**

No. Civ.A. 00–1969.

United States District Court, E.D. Louisiana.

April 11, 2001.

Monica Ferraro, Barkan & Neff, Kenner, LA, Michael D. Breaux, Prairieville, LA, for plaintiff.

Kathryn Weekley Becnel, Orelia E. Merchant, U.S. Attorney's Office, New Orleans, LA, for defendant.

## *ORDER AND REASONS*

LIVAUDAIS, District Judge.

Plaintiff Pamela Delaune ("Delaune") and defendant Commissioner of Social Security ("Commissioner") filed cross-motions for summary judgment, seeking judicial review of the final decision of the Commissioner denying plaintiff's claim for a period of disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.* The motions were referred to the United States Magistrate Judge under Local Rule 73.2E(B) for consideration and submission of proposed findings and recommendations of the plaintiff's appeal of an adverse decision regarding her claim for disability benefits under 42 U.S.C. § 405(g). The Magistrate Judge issued her Findings and Recommendation, recommending that defendant Commissioner's motion for summary judgment be granted and the plaintiff Delaune's motion for summary judgment be denied, for the reasons stated. Rec. Doc. No. 16, entered March 26, 2001.

Plaintiff filed timely objections to the Magistrate Judge's Findings and Recommendations, requesting that this Court reverse the decision of the defendant

Commissioner and award benefits, or alternatively, remand her claim to the Commissioner for further consideration. In accordance with 28 U.S.C. § 636(b)(1), within 10 days after being served with a copy of the Magistrate Judge's Findings and Recommendations, any party may file written objections. Upon receipt of timely objections, the district court "shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made" and "may accept, reject, or modify, in whole or in part" the Magistrate Judge's Findings and Recommendations and "may also receive further evidence or recommit the matter to the magistrate with instructions." 28 U.S.C. § 636(b)(1).

Plaintiff has lodged two objections to the Findings and Recommendations of the Magistrate Judge. She first contends that the Magistrate Judge incorrectly determined that there is substantial evidence to support the determination of the Administrate Law Judge ("ALJ") that the record fails to demonstrate that Delaune suffered frequent or severe pain or other severe symptoms prior to June, 1995. The Magistrate Judge carefully considered the plaintiff's argument that the medical evidence supported her claim that prior to June, 1995, she was severely limited in her ability to walk and stand and to use her right hand and arm, and that as a result, she was precluded from returning to work as a receptionist and security guard. Findings and Recommendations, Rec. Doc. No. 16, pp. 23–24. Both the ALJ and the Magistrate Judge reviewed the plaintiff's voluminous medical record, noting that from April 1991 until October, 1994, there is no record of Delaune receiving any treatment

and indeed, she returned to work in August, 1992 and worked until September, 1994. *Id.*

■ The Court has reviewed the record and agrees with the Magistrate Judge's factual findings and her legal conclusion that there was substantial evidence supporting the ALJ's determination that the record failed to demonstrate that plaintiff suffered frequent or severe pain or other severe symptoms prior to June, 1995. While subsequent to March, 1996, when plaintiff was first treated by Dr. Russo, her family physician, her health has fluctuated, the record shows that plaintiff did not receive medical treatment from April, 1991 through October, 1994, and indeed was employed from August, 1992 through September, 1994, as found by the Magistrate Judge and the ALJ. Findings and Recommendation, Rec. Doc. No. 16, pp. 24.[1]

■ Review of the Commissioner's denial of Social Security benefits is limited to a determination whether (1) the final decision is supported by substantial evidence, and (2) whether the Commissioner applied the proper legal standards to evaluate the evidence. *Newton v. Apfel,* 209 F.3d 448, 452 (5th Cir.2000). "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance." *Newton,* 209 F.3d at 452, *quoting Ripley v. Chater,* 67 F.3d 552, 555 (5th Cir.1995) (internal quotations omitted). The district court must affirm the Commissioner's findings if they are supported by substantial evidence and may not "reweigh the evidence in the record, try the issues *de novo,* or substitute its judgment

---

**1.** Plaintiff's objection focuses on the plaintiff's treatment by Dr. Russo, which did not commence until March, 1996.

for the Commissioner's even if the evidence weighs against the Commissioner's decision." 209 F.3d at 452. It is the Commissioner's function, and not the courts, to resolve conflicts in the evidence. *Id.; Brown v. Apfel,* 192 F.3d 492, 496 (5th Cir.1999).

Applying this standard, the Court concurs with the Magistrate Judge's finding that there was substantial evidence to support the ALJ's determination that the record does not demonstrate that plaintiff suffered frequent or severe pain, or other severe symptoms, prior to June, 1995. The plaintiff's objection to this finding of the Magistrate Judge is without merit.

■ Plaintiff next objects to the Magistrate Judge's conclusion that the ALJ did not err in failing to find that plaintiff's severe osteoarthritis met the listing 1.05(A)(1) (Disorders of the spine), in the listing of impairments, Appendix 1, Subpart P, Regulations No. 4. The Magistrate Judge acknowledged that Dr. Russo did diagnose severe osteoarthritis after March, 1996. The Magistrate Judge also recognized that, pretermitting the question whether the diagnosis would meet the requirements in the regulations, it came too late to provide a basis for plaintiff's claim that she was disabled on the last day of her insured status, June 30, 1995. Findings and Recommendation, Rec. Doc. No. 16, pp. 24–25.[2] The Court agrees with the Magistrate Judge's assessment that "Dr. Russo's reports do not show that Delaune had severe osteoarthritis on June 30, 1995, or if she did that she was disabled as of that date." Findings and Recommendation, Rec. Doc. No. 16, p. 25. The plaintiff's objections in this regard are similarly without merit.

For the foregoing reasons,

**IT IS ORDERED** that the objections of the plaintiff to the Magistrate Judge's Findings and Recommendation be and are hereby **OVERRULED**. The Court hereby **APPROVES AND ADOPTS** the Magistrate Judge's Findings and Recommendation as the Court's opinion.

**IT IS FURTHER ORDERED** that motion of defendant Commissioner of Social Security for summary judgment be and is hereby **GRANTED** and the motion of plaintiff Pamela Delaune for summary judgment be and is hereby **DENIED**.

---

2. *See,* Record, 249–262, 377–394 (Rec.Doc. No. 14).